UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY JAMES,<br><br>    Plaintiff,<br><br>  v.<br><br>ASIAN FAMILY MARKET, *et al.*,<br><br>    Defendants. | CASE NO. 2:23-cv-00212-RSL<br><br>ORDER RENOTING MOTIONS FOR SUMMARY JUDGMENT |

  This matter comes before the Court on plaintiff's "Fed. R. Civ. P. 56(d) & (f) Motion Asking for Additional Time to Complete Discovery." Dkt. # 41. Plaintiff has asserted claims under 42 U.S.C. § 1983 for violations of his First, Fourth, and/or Fourteenth Amendment rights by the Asian Family Market, two of its employees, Officer C. Sun of the Bellevue Police Department, and Correctional Officer Delgado. The claims are based on the following allegations:

  On or about January 25, 2023, plaintiff was leaving the Asian Family Market when defendant Kivon Taylor, an employee of Asian Family Market who provides security services, ran at him while yelling racist comments. Taylor used excessive force, twisting plaintiff's already-injured right shoulder and causing great pain, and threatened to tase or shoot plaintiff. Plaintiff was dragged back inside the market and held, handcuffed, in an office. Another Asian Family Market employee told plaintiff that he would not be going to

jail and would instead receive a citation, because that is what they always did when they arrest Caucasian people. Meanwhile, Taylor called the Bellevue Police Department. In response to the Police Department's advice to write a citation for theft 3 and let plaintiff go, Taylor said "no I want him charge[d] with burglary." Dkt. # 7 at 8. When Officer Sun arrived at the scene, he questioned Taylor regarding his decision to charge plaintiff with burglary. Taylor explained that he wanted plaintiff to be arrested. Officer Sun complied, but told plaintiff, "if it was up to me, I would let you go[,] but[] I have to lock you up[] because Kivon and the store manager Mr. Maddox [Chung] want me to." Dkt. # 7 at 9. While replacing Taylor's handcuffs with his own, Officer Sun further injured plaintiff's arms.

Plaintiff was transported to the SCORE Jail. Once inside, Officer Delgado said, "so you're the one [who] sued Lt. Burdulis, we got you now." Dkt. # 7 at 9. As retaliation for plaintiff's filing of an excessive force claim against a fellow officer, plaintiff was put in a holding tank for 20 hours before being booked into jail. He was forced to sleep on the cold floor, without running water or adequate clothing, and was denied medical attention for his shoulder injury. Upon his release from custody, plaintiff attempted to self-medicate with ibuprofen, but ultimately had to seek medical care for his shoulder.

Defendants Asian Family Market, Maddox Chung, and Kivon Taylor filed motions for summary judgment, arguing that they cannot be held liable under Section 1983 because they are private actors and their complained-of conduct is not attributable to the state and/or had no pervasive state involvement. Chung and Taylor provided affidavits in support of their assertions that Taylor acted in compliance with Asian Family Market's internal policies, that he was not trained by state actors, and that his conduct on January 25, 2023, was in no way impacted by the state or any of its agencies. Plaintiff argues that the motions are premature (the moving defendants have not responded to the complaint

and a case management schedule has not yet been established) and identifies a number of topics about which he would need discovery in order to prove the alleged constitutional violations. Dkt. # 41. At least three of these topics – whether and how Taylor's actions were connected to and influenced by the state and whether Officer Sun deferred to Taylor's charging decision – may be related to the pending motions for summary judgment. Although it seems unlikely that plaintiff will be able to show that the moving defendants acted under color of state law under any of the four tests articulated by the Supreme Court, *see Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139-40 (9th Cir. 2012), he will be given the opportunity to conduct focused discovery on this issue before the Court rules on the pending motions.

For all of the foregoing reasons, plaintiff's motion for a Rule 56(d) continuance is GRANTED. Plaintiff will have ninety days in which to conduct discovery regarding whether Asian Family Market, Chung, and/or Taylor acted under color of state law and to file his oppositions to the pending motions for summary judgment. The Clerk of Court is directed to renote the motions (Dkt. # 33 and # 35) on the Court's calendar for consideration on Friday, November 17, 2023.

Dated this 17th day of August, 2023.

Robert S. Lasnik
United States District Judge