UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY JAMES,<br><br>          Plaintiff,<br><br>     v.<br><br>ASIAN FAMILY MARKET, *et al.*,<br><br>          Defendants. | CASE NO. 2:23-cv-00212-RSL<br><br>ORDER GRANTING PLAINTIFF'S FIRST MOTION TO COMPEL DISCOVERY |

This matter comes before the Court on plaintiff's "Motion for Discovery Interrogatories, Dispositions, Request for Admissions, Production of Documents, Settlement Request." Dkt. # 56. Plaintiff seeks to compel defendant Kivon Taylor to respond to seven interrogatories and to produce an audio recording of the 911 call he made on January 25, 2023, and the audio and video recordings of a January 26, 2023, proceeding before Judge Klinge. Taylor objects to the discovery requests on the grounds that they are outside the scope of permissible discovery and/or irrelevant.

Plaintiff has asserted claims against Taylor under 42 U.S.C. § 1983 for violations of his First, Fourth, and/or Fourteenth Amendment rights. Plaintiff alleges that he was leaving Asian Family Market on January 25, 2023, when its security guard, defendant Taylor, grabbed him, used excessive force to handcuff and hold him, conferred with the Bellevue Police Department, and falsely accused plaintiff of burglary in order to have him arrested.

Taylor filed a motion for summary judgment, arguing that he is not a state actor, but the Court granted plaintiff's request for additional time in which to conduct discovery regarding whether and how Taylor's actions were connected to and influenced by the state and whether the arresting officer deferred to Taylor's charging decision. Dkt. # 47.

The seven interrogatories propounded by plaintiff are generally aimed at (i) understanding the communications between Taylor and admitted state actors or (ii) discovering the identity of individuals who may have been privy to those communications. Taylor does not allege that responding to the questions would be unduly burdensome or oppressive. With regards to the two requests for production, what was said during the 911 call is clearly relevant, and plaintiff has argued that the Notification Trespassing Retail form (which he accuses Taylor of forging) was used at the January 26th hearing to justify his arrest. Again, these requests are not onerous: if defendant Taylor has possession, custody, and/or control of the requested recordings, he will be required to produce them.

For all of the foregoing reasons, plaintiff's motion to compel discovery (Dkt. # 56) is GRANTED. Defendant Taylor shall respond to the interrogatories and requests for production within 14 days of the date of this Order. The pending motions for summary judgment (Dkt. # 33 and Dkt. # 35) are hereby renoted to Friday, December 15, 2023, to give plaintiff an opportunity to incorporate the newly-produced information into his responses, which are now due on Monday, December 11, 2023.

DATED this  15th  day of  November , 2023.

Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S FIRST MOTION TO
COMPEL DISCOVERY - 2