UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY JAMES,

             Plaintiff,

    v.

ASIAN FAMILY MARKET, *et al.*,

            Defendants.

CASE NO. 2:23-cv-00212-RSL

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on plaintiff's "FRCP Rule 37 Motion for an Order Compelling Disclosure/Discovery." Dkt. # 67. Having reviewed the submissions of the parties, the Court finds as follows:

**A. Procedural Issues**

Plaintiff failed to meet and confer with defendants before filing this motion to compel. The meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1) are imposed for the benefit of both the Court and the parties. They are intended to ensure that parties have an inexpensive and expeditious opportunity to resolve discovery disputes and that only genuine disagreements are brought before the Court. In the circumstances presented here, compliance with the rules would not only have involved face-to-face or telephonic discussions regarding each discovery request at issue, but it would have given plaintiff the opportunity to identify the perceived shortcomings and defendants the opportunity to explain (a) that their objections did not prevent or limit their substantive

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL - 1

responses and (b) the policies, practices, and timeline related to the destruction of Taylor's body cam video. The precipitous filing of the motion to compel placed before the Court arguments that cannot succeed based on the existing record, as discussed below.

### B. Substantive Issues

In his motion, plaintiff argues that defendants Sun and Taylor refused to provide the names of witnesses, that Sun provided evasive answers to Interrogatories 5, 14, 15, 16, 17, 18, and 19, that Taylor destroyed body cam video that would have supported plaintiff's claims, and that Sun either should have been wearing a body camera or should have preserved the video from Taylor's camera. Dkt. # 67 at ¶¶ 13-15. Plaintiff makes no effort to support his bare assertions that defendants refused to provide information within their possession, custody, or control or that they provided evasive responses. The discovery responses submitted with the opposition briefs belie the claim. Dkt. # 70 at 8-14; Dkt. # 72 at 4-7.

With regards to the body cam video, plaintiff acknowledges that the evidence no longer exists. The Court cannot compel the production of a video file that was apparently overwritten by Taylor's employer and which Sun never possessed. Whether the facts surrounding the destruction of Taylor's body cam video could support a spoliation argument and allow the jury to draw adverse inferences against defendants will be considered in the context of the pending summary judgment motions. *See United States v. Kitsap Physicians Serv*., 314 F.3d 995, 1001-02 (9th Cir. 2002) (noting that while a meritorious spoliation argument may forestall summary judgment, if defendants offer credible and unrebutted evidence explaining the destruction of the evidence, an adverse inference would not be warranted).

//

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL - 2

For all of the foregoing reasons, plaintiff's motion to compel is DENIED.

Dated this 16th day of January, 2024.

                     _/s/ Robert S. Lasnik_
                     Robert S. Lasnik
                     United States District Judge