1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY JAMES,

                Plaintiff,

      v.

ASIAN FAMILY MARKET, *et al.*,

                Defendants.

CASE NO. 2:23-cv-00212-RSL

ORDER GRANTING
DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT (DKT. # 33
AND DKT. # 35)

This matter comes before the Court on the motions for summary judgment filed by defendants Asian Family Market, Maddox Chung, and Kivon Taylor. Dkt. # 33 and Dkt. # 35. The motions were filed on July 20, 2023, but their consideration was continued three times in order to allow plaintiff to pursue discovery regarding his claim that the moving defendants were state actors for purposes of a claim under 42 U.S.C. § 1983. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

---

[1] Plaintiff provided neither a declaration nor exhibits in opposition to the motions for summary judgment. Because he is proceeding *pro se*, the Court has considered the non-conclusory factual assertions in his opposition as if they were made under penalty of perjury on the assumption that the defect could be corrected at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents.") (citations omitted).

1

**A. Background**

2

3       Plaintiff asserts claims under Section 1983 for violations of his First, Fourth, and/or

4    Fourteenth Amendment rights by the Asian Family Market and two of its employees.

5    Defendant Maddox Chung is the manager of Asian Family Market's stores, one in Seattle

6    and one in Bellevue. Defendant Kivon Taylor is employed by Asian Family Market to

7    provide security at its Bellevue store.

8       On or about January 25, 2023, plaintiff was leaving the Asian Family Market store

9    in Bellevue when Mr. Taylor stopped and detained him for shoplifting. It is undisputed that

10   plaintiff had placed packages of beef tongue in his backpack and left the store without

11   paying for them. Taylor called the Bellevue Police Department, and the responding officer

12   took a statement from Mr. Taylor and questioned plaintiff before arresting him. Plaintiff

13   was charged the next day with Theft – Third Degree. Plaintiff asserts that Mr. Taylor used

14   excessive force when handcuffing him (Dkt. # 92 at ¶ 8) and that Mr. Taylor caused the

15   responding officer to double handcuff plaintiff (resulting in further pain and injury) and to

16   charge plaintiff with Theft – Third Degree (Dkt. # 92 at ¶¶ 13 and 18).

17       The Asian Family Market has adopted the Seattle Police Department's Retail Theft

18   Program as a guide for its security officers, and Mr. Taylor acted in accordance with the

19   policies and procedures set forth therein on January 25, 2023. Dkt. # 34 at ¶ 4; Dkt. # 36 at

20   ¶ 15. The Retail Theft Program creates a reporting procedure that enables store security

21   personnel to inform the Seattle Police Department of detainments made for theft and/or

22   criminal trespass and "is for use within the Seattle city-limits only." *Id.* The Program "does

not grant any special police commissions," and security agents who participate in the program "are not given enhanced arrest powers nor are they transferred authority to issue criminal citations." Dkt. # 34-1 at 3. The Asian Family Market uses the Retail Theft Program to train its security guards at both its Seattle and Bellevue stores and to guide their responses to theft and trespass. Dkt. # 34 at ¶ 4; Dkt. # 36 at ¶ 3.

**B. Standard of Review**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir.

2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1071 (9th Cir. 2019).

**C. Discussion**

To survive a motion for summary dismissal of his § 1983 claims against Asian Family Market, Mr. Chung, and Mr. Taylor, plaintiff must provide evidence from which a reasonably jury could conclude (1) that he was deprived of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law. *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011). The moving defendants argue that they are not state actors and were not acting under color of state law when Mr. Taylor apprehended and detained plaintiff. While it is possible for a private actor to act "under color of state law," plaintiff bears the burden of showing that the conduct of which defendants are accused is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

The Ninth Circuit has identified four tests that may aid in identifying state action:

> (1) public function; (2) joint action; (3) governmental compulsion or
> coercion; and (4) governmental nexus. Satisfaction of any one test is
> sufficient to find state action, so long as no countervailing factor exists. . . .

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

The public function test is satisfied only on a showing that the function at issue is both traditionally and exclusively governmental. The close nexus and joint action tests may be satisfied where the court finds a sufficiently close nexus between the state and the private actor so that the action of the latter may be fairly treated as that of the State itself, or where the State has so far insinuated into a position of interdependence with the private party that it was a joint participant in the enterprise. Governmental compulsion or coercion may exist where the State has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.

At bottom, the inquiry is always whether the defendant has exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.

*Rawson v. Recovery Innovations, Inc*., 975 F.3d 742, 747–48 (9th Cir. 2020) (internal quotation marks, citations, and alterations omitted). Because the constitutional standards apply only to government actors, liability attaches "only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains," either because it granted the wrongdoer a badge of authority or because the wrongdoer represents the government in some way. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (emphasis in original).

Plaintiff asserts that Mr. Taylor is a state actor because he exercised a public function, namely arrest and detention (Dkt. # 92 at ¶ 20), he wore a security uniform and carried weapons and handcuffs (Dkt. # 92 at ¶ 10), he had the same goals and acted in concert with the Bellevue Police Department regarding the protection of private property, handcuffing procedures, plaintiff's arrest, and the decision to charge plaintiff with Theft 3 (Dkt. # 92 at ¶¶ 3-6, 21 and 23), and he misrepresented facts to convince the Bellevue Police Department that there was probable cause for the arrest (Dkt. # 92 at ¶ 22). In

Washington, a private person who witnesses a misdemeanor, such as a store security officer who observes a theft, is permitted to intercept and detain the suspect. *State v. Garcia*, 146 Wn. App. 821, 824 (2008). Plaintiff's premise that Mr. Taylor undertook a function reserved to state actors is therefore incorrect.

The "joint action" assertions are equally unavailing. The fact that private security personnel are employed to safeguard private property, wear uniforms, and carry weapons does not convert them into public law enforcement or support an inference that the private employee and the responding police officer are engaged in joint action. The joint action test focuses on whether state officials and private parties have acted in concert in bringing about the particular deprivation of constitutional rights of which plaintiff complains. *Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1140 (9th Cir. 2012). The unconstitutional conduct plaintiff identifies in his opposition involves the use of excessive force in handcuffing and then re-handcuffing him and the officer's acquiescence in Mr. Taylor's request to charge plaintiff with Theft 3. There is no indication that the Bellevue Police Department instructed Mr. Taylor to detain plaintiff, much less to handcuff him or to use excessive force while doing so. In performing his security duties, Mr. Taylor was guided by the Seattle Police Department's Retail Theft Program, but those procedures in no way compelled or instructed Mr. Taylor to violate plaintiff's right to be free of excessive force.

Plaintiff's assertions that Mr. Taylor double handcuffed plaintiff, instructed the responding officer to double handcuff plaintiff, and/or compelled the responding officer to charge plaintiff with Theft - Third Degree are conclusory and contradicted by the facts in

the record. Plaintiff acknowledges that it was the responding officer who double handcuffed him and that he did so in accordance with the standard procedures of the Bellevue Police Department. Dkt. # 92 at ¶¶ 13-14 and 23. Plaintiff also acknowledges that the charging decision was made by the state, although he alleges that it was based on misinformation allegedly provided by Mr. Taylor. Dkt. # 92 at ¶ 22. Calling the police and providing information – even false information -- that results in an arrest is not enough to convert the private party's acts into state action. *See Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008); *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989). Just as importantly, plaintiff does not argue that his conduct did not satisfy the elements of Theft – Third Degree, that the responding officer failed to adequately investigate the charge, or that the assistant prosecuting attorney who filed the criminal complaint failed to exercise independent judgment in the matter.[2] The circumstances of this case simply do not raise a triable inference that the state and Mr. Taylor so far insinuated themselves into a position of interdependence that they must be recognized as a joint participants in either the handcuffing or the charging at issue. *Collins*, 878 F.2d at 1155.

**D. Conclusion**

For all of the foregoing reasons, the Court finds that plaintiff has failed to provide evidence from which a reasonable jury could conclude that Asian Family Market, Maddox

---

[2] Plaintiff was not charged with criminal trespass despite the responding officer's conclusion that there was probable cause to arrest for both theft in the third degree and trespass in the first degree. Dkt. # 34-8; Dkt. # 77 at ¶ 10.

Chung, and/or Kivon Taylor were state actors. His claims against those defendants therefore fail as a matter of law and are hereby DISMISSED.

Dated this 22nd day of March, 2024.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT (DKT. # 33 AND DKT. # 35) - 8