UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY JAMES,<br><br>                Plaintiff,<br><br>        v.<br><br>ASIAN FAMILY MARKET, *et al.*,<br><br>                Defendants. | CASE NO. 2:23-cv-00212-RSL<br><br>ORDER GRANTING DEFENDANT CALVIN SUN'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on "Defendant Calvin Sun's Motion for Summary Judgment and Dismissal of Plaintiff's Claims." Dkt. # 76. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

---

[1] Plaintiff did not provide a declaration with his opposition to the motion for summary judgment. Because he is proceeding *pro se*, the Court has considered the non-conclusory factual assertions in his opposition as if they were made under penalty of perjury on the assumption that the defect could be corrected at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents.") (citations omitted). Conclusory assertions such as "Officer Sun did not have . . . probable cause to arrest plaintiff," Dkt. # 82 at ¶ 5, cannot be accepted as true unless supported by evidence, and plaintiff's hearsay accounts of what Judge Klinge and plaintiff's attorney said at a January 26, 2023, hearing are not evidence.

ORDER GRANTING DEFENDANT CALVIN SUN'S
MOTION FOR SUMMARY JUDGMENT - 1

## A. Background

Plaintiff asserts claims under Section 1983 for violations of his First, Fourth, and/or Fourteenth Amendment rights by Bellevue Police Officer Calvin Sun.[2] On January 25, 2023, Officer Sun responded to a 911 call regarding a burglary[3] at Asian Family Market in Bellevue. The store's loss prevention employee notified Officer Sun that he had seen plaintiff take items from the store without paying and presented a Retail Trespass Notification, dated December 22, 2022, related to a prior theft at Asian Family Market's Seattle store. Dkt. # 77 at ¶ 8. The Notification identified plaintiff by date of birth, Social Security number, address, phone number, and photograph and purported to exclude him from any properties owned or operated by Asian Family Market. Dkt. # 77-1 at 9-10.

After consulting with his supervisor, Officer Sun arrested plaintiff for theft and trespass. Dkt. # 77 at ¶ 10; Dkt. # 77-1 at 15-18. Pursuant to department policy and his training, Officer Sun placed his handcuffs on plaintiff before removing the handcuffs that had been used by the loss prevention employee. Although Officer Sun examined both sets of handcuffs to ensure that the key holes were facing in opposite directions, he had trouble unlocking the first pair of handcuffs and, according to plaintiff, "he kept trying to raise my arm up and not trying to hurt me, but at the same time he was hurting me." Dkt. # 78-1 at 5. Plaintiff acknowledges that Officer Sun acted professionally towards him throughout,

---

[2] Plaintiff has since withdrawn or abandoned his First Amendment claim against this defendant.

[3] Plaintiff asserts that the Asian Family Market's loss prevention employee falsely reported a burglary on the 911 call.

ORDER GRANTING DEFENDANT CALVIN SUN'S
MOTION FOR SUMMARY JUDGMENT - 2

Dkt. # 78-1 at 5, although he believes Officer Sun let himself be led by the Asian Family Market staff into arresting plaintiff for a minor offense and sending him to an overcrowded jail, Dkt. # 82 at ¶ 9. Officer Sun was not wearing a body camera (they are not required of Bellevue Police Officers) and did not obtain the body camera video of the loss prevention employee. Dkt. # 82 at ¶¶ 10 and 14-15.

**B. Standard of Review**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir.

2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1071 (9th Cir. 2019).

## C. Discussion

### 1. Unlawful Arrest

To the extent plaintiff's claims rest on the assertion that Officer Sun lacked probable cause to arrest him, they fail as a matter of law. Plaintiff does not dispute that he took meat products from the Asian Family Market without paying for them. Nor does he explain how or why Officer Sun would have known of the defects plaintiff ascribes to the Retail Trespass Notification that was presented to him. Because there was probable cause to arrest plaintiff on at least one (if not both) of the offenses listed in the police report, plaintiff cannot succeed on his claim for unlawful arrest under 42 U.S.C. § 1983. *Wingate v. City of Seattle*, 198 F. Supp. 3d 1221, 1226 (W.D. Wash. 2016) (if the evidence supports a finding of probable cause, claims arising under the Fourth Amendment "must necessarily fail").

### 2. Excessive Force

Whether an officer has used excessive force in violation of the Fourth Amendment requires a balancing of "the nature and quality of the intrusion on the individual's Fourth

Amendment interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal quotation marks and citation omitted). "Stated another way, we must balance the amount of force applied against the need for that force." *Bryan v. MacPherson*, 630 F.3d 805, 823–24 (9th Cir. 2010) (internal quotation marks and citation omitted). "The right to make an arrest carries with it the right to employ some level of force to effect it." *Id.* at 818. The reasonableness of a particular use of force requires taking the "perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

      Handcuffing is a standard police practice designed to ensure the safety of the arresting officers and the public. *Cortesluna v. Leon*, 979 F.3d 645, 655 (9th Cir. 2020) (noting that "handcuffing is a generally standard and appropriate practice"), *rev'd on other grounds in Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021); *Palacios v. City of Oakland*, 970 F. Supp. 732, 741 (N.D. Cal. 1997). When, as here, an officer handcuffs a suspect in a professional, non-violent manner, the minimal intrusion on plaintiff's Fourth Amendment rights[4] is justified by the government's interests. There is no evidence from which a reasonable jury could conclude that Officer Sun's use of force was excessive: he did not know of plaintiff's pre-existing shoulder injury and he did nothing more than was necessary to replace the loss prevention employee's handcuffs with his own. That the procedure took some time and caused plaintiff pain does not give rise to an inference that

---

[4] By their very nature, handcuffs are "uncomfortable and unpleasant." *LaLonde v. County of Riverside*, 204 F.3d 947, 964 (9th Cir. 2000) (Trott, J., concurring in part, dissenting in part).

ORDER GRANTING DEFENDANT CALVIN SUN'S
MOTION FOR SUMMARY JUDGMENT - 5

the amount of force used was excessive when compared with the government's interest in effectuating the arrest safely.

### 3. Equal Protection

Plaintiff's equal protection claim is based entirely on hearsay and is devoid of any evidence that Officer Sun (as opposed to the private loss prevention employee) was motivated by discriminatory animus. Plaintiff asserts that an African American employee of the Asian Family Market told him that they "don't have Caucasians arrested for this offense, nor has he ever witnessed [them] have a Caucasian arrested for Theft 3." Dkt. # 82 at ¶ 13. The truth of these statements cannot be tested because the speaker is not before the Court: they are, therefore, hearsay and cannot be considered as facts. Even if the statements were true, they do not give rise to a reasonable inference that Officer Sun decided to arrest plaintiff because of his race. The evidence shows that Officer Sun questioned plaintiff and the loss prevention employee, reviewed witness statements and the Retail Trespass Notification, consulted with his supervisor, and made the decision to arrest plaintiff for theft (not burglary) and trespass. There is no basis for imputing the alleged discriminatory animus of the loss prevention employee to Officer Sun.

//

**D. Conclusion**

For all of the foregoing reasons, the Court finds that plaintiff has failed to provide evidence from which a reasonable jury could conclude that Officer Sun violated plaintiff's constitutional rights. The claims against Officer Sun therefore fail as a matter of law and are hereby DISMISSED.

Dated this 5th day of April, 2024.

Robert S. Lasnik
United States District Judge