UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY JAMES,<br><br>                Plaintiff,<br>     v.<br><br>ASIAN FAMILY MARKET, *et al.*,<br><br>                Defendants. | CASE NO. 2:23-cv-00212-RSL<br><br>ORDER GRANTING DEFENDANT JUAN DELGADO'S MOTION FOR SUMMARY JUDGMENT |

     This matter comes before the Court on "Defendant Officer Juan Delgado's Motion for Summary Judgment." Dkt. # 87. Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party

. . . and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1071 (9th Cir. 2019).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

---

[1] Plaintiff did not provide a declaration with his opposition to the motion for summary judgment. Because he is proceeding *pro se*, the Court has considered the non-conclusory factual assertions in his opposition as if they were made under penalty of perjury on the assumption that the defect could be corrected at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents.") (citations omitted).

## A. Background

At approximately 2:00 pm on January 25, 2023, plaintiff was arrested and transported to the South Correctional Entity ("SCORE Jail"). When plaintiff met Officer Delgado during the intake process, defendant stated, "So you're the one that sued Lieutenant Burdulis. We got you now." Dkt. # 89 at 27. Officer Delgado escorted plaintiff to a cell to await a medical screening. The cell had toilet facilities and a bench, but no running water or bed. Plaintiff was not given a blanket or his blood pressure medicines. Plaintiff was not evaluated by the medical staff until 10:00 am the next morning. Sleeping on the cold, hard floor of the cell aggravated plaintiff's pre-existing shoulder injury. Plaintiff was ultimately released from SCORE Jail at 6:45 pm on January 26, 2023. Plaintiff asserts that the length of his confinement, the delay in the medical screening, and the refusal to provide medical attention for his shoulder were engineered by Officer Delgado in retaliation for plaintiff having filed a lawsuit against another law enforcement officer in violation of plaintiff's Fourteenth Amendment right to due process.[2]

## B. Discussion

The Court declines Officer Delgado's request that plaintiff's testimony regarding what Officer Delgado did or said be ignored because it is "self-serving." While Officer Delgado does not remember meeting plaintiff on January 25th and the jail records identify other officers as responsible for intake and the initial cell assignment, the documentary

---

[2] Plaintiff has withdrawn or abandoned his First Amendment claim against this defendant (Dkt. # 89 at 24) and has not asserted an equal protection claim against Officer Delgado (Dkt. # 96 at 3).

ORDER GRANTING DEFENDANT JUAN DELGADO'S
MOTION FOR SUMMARY JUDGMENT - 3

evidence does not contradict plaintiff's testimony, the testimony is very specific regarding Officer Delgado's appearance and his statements, and the testimony is not otherwise incredible. Taking the evidence in the light most favorable to plaintiff, Officer Delgado identified plaintiff as a person who had sued a fellow officer, made a vaguely menacing statement, and then left him in a cold, barren cell where he waited 20 hours for a medical examination.

Plaintiff has not provided any evidence to support his supposition that Officer Delgado in any way prolonged plaintiff's stay in the first cell, delayed the medical screening, or was aware that plaintiff wanted or needed medication, additional clothing, or bedding. Plaintiff appears to recognize as much in his opposition memorandum, asserting that he filed this lawsuit against SCORE Jail and is seeking to hold it liable for the combined actions of its guards, wardens, and staff, including Officer Delgado. Dkt. # 96 at ¶¶ 7 and 13. But SCORE Jail is not a named defendant, Dkt. # 7 at 2-3, and plaintiff has failed to raise a genuine issue of fact regarding the retaliation/due process claim he asserted against Officer Delgado, *id.* at 7.

//

//

ORDER GRANTING DEFENDANT JUAN DELGADO'S
MOTION FOR SUMMARY JUDGMENT - 4

## C. Conclusion

For all of the foregoing reasons, Officer Delgado's motion for summary judgment is GRANTED. The claims against Officer Delgado are DISMISSED. The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff.

Dated this 15th day of April, 2024.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge